UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID CENTOFANTI**       ) | |
|     **Plaintiff,**              ) | |
| **v.**                              ) | **CASE No.:** |
|                                           ) | **IN ADMIRALTY** |
| **UNITED STATES OF AMERICA**  ) | |
|     **Defendant.**             ) | |
|                                           ) | |

**PLAINTIFF'S COMPLAINT**

Now comes the Plaintiff, DAVID CENTOFANTI, in the above-entitled matter and for his complaint states:

**GENERAL FACTUAL ALLEGATIONS**

1. The Plaintiff, DAVID CENTOFANTI, is a resident of West Yarmouth, Barnstable County, Commonwealth of Massachusetts.

2. The UNITED STATES OF AMERICA is a sovereign state which pursuant to 46 U.S.C. § 30901 et seq. and 46 U.S.C. § 31101 et seq. has consented to be sued.

3. On or about May 26, 2023, the Defendant, UNITED STATES OF AMERICA, owned the USNS SEAY which was and is a public vessel of the UNITED STATES OF AMERICA.

4. On or about May 26, 2023, pursuant to contract with the Defendant, UNITED STATES OF AMERICA and/or MILITARY SEALIFT COMMAND, U.S. MARINE MANAGEMENT, INC. was ship manager, agent, of the USNS SEAY.

5. At the time of the filing of this Complaint, September 23, 2023 the USNS SEAY is out at sea and beyond the territorial waters of the United States.

6. On or about May 26, 2023, the Plaintiff, DAVID CENTOFANTI, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager U.S. MARINE MANAGEMENT, INC.

7. On or about May 26, 2023, the Plaintiff, DAVID CENTOFANTI, was employed by the Defendant, the UNITED STATES OF AMERICA's ship manager, U.S. MARINE MANAGEMENT, INC., as a seaman, and a member of the crew of the USNS SEAY.

8. On or about May 26, 2023, UNITED STATES OF AMERICA operated the USNS SEAY.

9. On or about May 26, 2023, the Defendant, the UNITED STATES OF AMERICA, or the Defendant's agents, servants, and/or employees, controlled the USNS SEAY.

10. On or about May 26, 2023, UNITED STATES OF AMERICA was responsible for the acts or omissions of its agents, servants and/or employees, including the agents, servants and/or employees of U.S. MARINE MANAGEMENT, INC.

11. On or about May 26, 2023, the USNS SEAY was in navigable waters.

12. On or about May 26, 2023, while in the in the performance of his duties in the service of the USNS SEAY, the Plaintiff, DAVID CENTOFANTI, was climbing up the ladder on the stern of the vessel, his hands slipped and he fell down onto the launch boat. Plaintiff injured his right ankle/leg and sustained open fractures of his ankle/leg to rupture and tear of the ligaments. The Plaintiff has undergone numerous surgeries and is still undergoing treatment with future surgeries planned.

13. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, DAVID CENTOFANTI, was exercising due care.

14. In the event that the provisions of 46 C.F.R. § 327.4 through § 327 apply to this action, on May 17, 2024, Plaintiff properly presented via registered mail to US MILITARY SEALIFT COMMAND and to its ship manager, U.S. MARINE MANAGEMENT, INC., a claim letter/notice letter that complied with all the requirements of 46 C.F.R. Part 327.4, 327.5. Upon information and belief, said notice/claim letter was received by U.S. MILITARY SEALIFT COMMAND and U.S. MARINE MANAGEMENT, INC. on or before May 28, 2024. Since no notice of allowance or disallowance of the claim was ever received by Plaintiff, DAVID CENTOFANTI, and 60 days have elapsed since the receipt of the claim/notice letter, said claim is administratively denied pursuant to 46 C.F.R. § 327.7.

## JURISDICTION & VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §30104, 28 U.S.C. §1331, 28 U.S.C. §1333, the Suits in Admiralty Act, 46 U.S.C. § 30901 et seq. and Public Vessels Act, 46 U.S.C. § 31101, et seq.

16. Pursuant 46 U.S.C. § 30906(a)(1), venue is proper in this district because the Plaintiff resides in this district and the USNS SEAY is beyond territorial waters of the United States.

## COUNT I
## DAVID CENTOFANTI v. UNITED STATES OF AMERICA
### (JONES ACT NEGLIGENCE)

17. The Plaintiff, DAVID CENTOFANTI, reiterates the allegations set forth in paragraphs 1 through 16 above.

18. The personal injuries sustained by the Plaintiff, DAVID CENTOFANTI, were not caused by any fault on his part but were caused by the negligence of the Defendant UNITED STATES, its manager, agents, servants and/or employees, and/or U.S. MARINE MANAGEMENT, INC.'S agents, servants and/or employees, including but not limited to the following:

   a. Defendant failed to provide the Plaintiff with a safe place to work;

   b. Defendant failed to comply with its own policies and procedures;

   c. Defendant failed to maintain the vessel's gear and equipment in a safe condition for operations;

   d. The ladder stanchions were slippery;

   e. The ladder stanchions failed to have nonskid or sufficient nonskid material;

   f. The ladder was unsafe and dangerous;

   g. The ladder failed to have the proper safety equipment, and/or were of the improper design;

   h. Defendant failed to repair, maintain and service the ladder and/or vessel;

   i. Defendant failed to properly maintain and/or properly inspect, repair, or replace said equipment on said vessel;

   j. Defendant failed to inspect the vessel to ensure it was sound and seaworthy;

   k. and other aspects which will be shown at the time of trial.

19. As a result of said injuries, the Plaintiff, DAVID CENTOFANTI, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

20. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

**WHEREFORE,** the Plaintiff, DAVID CENTOFANTI, demands judgment against the Defendant, UNITED STATES OF AMERICA, in an amount to be determined by the Court together with interest and costs.

<u>**COUNT II**</u>
<u>**DAVID CENTOFANTI v. UNITED STATES OF AMERICA**</u>
**(GENERAL MARITIME LAW  -  UNSEAWORTHINESS)**

21. The Plaintiff, DAVID CENTOFANTI, reiterates the allegations set forth in paragraphs 1 through 16 above.

22. The personal injuries sustained by the Plaintiff, DAVID CENTOFANTI, were due to no fault of his, but were caused by the Unseaworthiness of the USNS SEAY, including but not limited to the following:

   a. The ladder stanchions were slippery and not fit for its intended purpose;

   b. The ladder stanchions failed to have nonskid or sufficient nonskid material and were not fit for its intended purpose;

   c. The ladder on the vessel was improperly designed and was an unseaworthy condition;

   d. The ladder was unsafe and dangerous and not fit for its intended purpose;

   e. The ladder failed to have the proper safety equipment and not fit for its intended purpose;

   f. Defendant failed to maintain the vessel's gear and equipment in a safe condition for operations;

   g. The vessel, its gear, equipment, working spaces, machinery and appurtenances were not fit for their intended purposes;

h.  and other aspects which will be shown at the time of trial.

23. As a result of said injuries, the Plaintiff, DAVID CENTOFANTI has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

24. This cause of action is brought under the General Maritime Law for Unseaworthiness.

**WHEREFORE**, the Plaintiff, DAVID CENTOFANTI, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court together with interest and costs.

## COUNT III
## DAVID CENTOFANTI v. UNITED STATES OF AMERICA
### (GENERAL MARITIME LAW - MAINTENANCE and CURE)

25. The Plaintiff, DAVID CENTOFANTI, reiterates all of the allegations set forth in Paragraphs 1 through 16 above.

26. As a result of the personal injuries described in paragraph 12 above, the Plaintiff, DAVID CENTOFANTI, has incurred and will continue to incur expenses for his maintenance and cure.

**WHEREFORE**, the Plaintiff, DAVID CENTOFANTI, demands judgment against the Defendant, UNITED STATES OF AMERICA, in the amount to be determined by the Court, together with costs and interest.

                    **Respectfully submitted for the**
                    **the Plaintiff, DAVID CENTOFANTI**
                    **by his attorney,**

/s/ Carolyn M. Latti
Carolyn M. Latti
BBO #567394
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000
clatti@lattianderson.com

Dated:   September 23, 2024